# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
**November 10, 2014**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**CLARA K. DUFFIELD, WIDOW OF
RICHARD DUFFIELD**
**Claimant Below, Petitioner**

**vs.)  No. 13-1296** (BOR Appeal No. 2048323)
(Claim No. 880002359)

**SUN COAL COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Clara K. Duffield, widow of Richard Duffield, by Wendle D. Cook, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Sun Coal Company, by Karin L. Weingart, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 22, 2013, in which the Board affirmed an April 15, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's February 2, 2011, decision denying Mrs. Duffield's request for dependent's benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Duffield worked as an underground coal miner for over ten years including for Sun Coal Company. Mr. Duffield stopped working as a coal miner on July 31, 1987, due to a back injury. The claims administrator subsequently granted Mr. Duffield a 40% permanent partial disability award based on the impairment findings of the Occupational Pneumoconiosis Board. Several years after Mr. Duffield was granted this award, he was diagnosed with colon cancer following a resection of the colon. Mr. Duffield came under the care of Lo'ay Al-Asadi, M.D.,

1

who found that he continued to have pulmonary symptoms and noted that he had started smoking again. A CT scan was then taken which revealed a large mass in the liver and left pelvis. Dr. Al-Asadi found that Mr. Duffield's colon cancer had metastasized to his liver. The next year, Dr. Al-Asadi determined that the cancer had also metastasized to his lungs. On June 19, 2010, Mr. Duffield died. His death certificate listed the cause of death as liver failure due to metastatic colon cancer. The certificate also stated that occupational pneumoconiosis and chronic obstructive pulmonary disease were significant conditions. Mario Anselmo, M.D., then performed an autopsy which was limited to the lungs. Dr. Anselmo found simple coal worker's pneumoconiosis in the lungs. He also identified metastatic adenocarcinoma from the colon cancer in Mr. Duffield's lungs. Mrs. Duffield then filed an application for dependent's benefits based on her husband's death. Her application was submitted to the Occupational Pneumoconiosis Board, which determined that occupational pneumoconiosis did not materially contribute to Mr. Duffield's death because there was minimal nodular fibrosis consistent with pneumoconiosis in his lungs. Mrs. Duffield also applied for federal dependent's benefits based on her husband's black lung disease which she was granted by the United States Department of Labor. On February 2, 2011, however, the claims administrator denied her workers' compensation request for dependent's benefits based on the findings of the Occupational Pneumoconiosis Board. Following this denial, Russell L. Stewart, D.O., wrote the claims administrator a letter stating that Mr. Duffield had died from metastatic cancer but that chronic obstructive pulmonary disease from coal dust exposure was a secondary cause of his death. Dr. Anselmo also wrote a letter stating that occupational pneumoconiosis contributed to Mr. Duffield's death "to a certain degree." Mr. Duffield's records were then reviewed by Everett F. Oesterling Jr., M.D., who found that the level of dust deposited in his lungs was insufficient to warrant a diagnosis of occupational pneumoconiosis. Dr. Oesterling found that the dust in his lungs did not cause any significant structural damage. George L. Zaldivar, M.D., also reviewed Mr. Duffield's records and determined that there was no relationship between his death and occupational pneumoconiosis. Dr. Zaldivar found that Mr. Duffield had begun smoking when he was sixteen years old and smoked a half to one pack of cigarettes per day for almost thirty years. Dr. Zaldivar determined that Mr. Duffield's history of smoking caused his chronic obstructive pulmonary disease. Dr. Zaldivar found, nevertheless, that Mr. Duffield died from metastatic colon cancer that had spread to his liver and lungs and not from occupational pneumoconiosis or chronic obstructive pulmonary disease.

Jack L. Kinder Jr., M.D., then testified on behalf of the Occupational Pneumoconiosis Board in a hearing before the Office of Judges. Dr. Kinder found that Mr. Duffield died from metastatic colon cancer that had spread to his liver and lungs. He stated that Mr. Duffield had occupational pneumoconiosis but that it did not cause his colon cancer, delay the diagnosis of the cancer, or prevent effective treatment of the cancer. He found that Mr. Duffield's cancer would have been fatal regardless of his underlying lung function. Mahendra Patel, M.D., also testified at the hearing on behalf of the Occupational Pneumoconiosis Board. Dr. Patel found that Mr. Duffield's primary pulmonary problems were related to his history of smoking, which caused chronic obstructive pulmonary disease. Dr. Patel stated that the nodules caused by coal dust deposits were not present in Mr. Duffield's lungs. On April 15, 2013, the Office of Judges affirmed the claims administrator's decision. The Board of Review affirmed the Order of the

Office of Judges on November 22, 2013, leading Mrs. Duffield to appeal. The Board of Review also denied Mrs. Duffield's request to remand the case for additional evidence.

The Office of Judges concluded that Mr. Duffield's death was solely caused by colon cancer that had metastasized to his liver and lungs. It also concluded that occupational pneumoconiosis did not cause the development of the cancer, prevent a diagnosis of the cancer, or prevent any life-saving or life-prolonging treatment. In reaching this determination, the Office of Judges relied on the opinions of the Occupational Pneumoconiosis Board and Dr. Al-Asadi. The Office of Judges found that Mr. Duffield had occupational pneumoconiosis but that his primary pulmonary impairment was related to his significant history of smoking. The Office of Judges considered the reports and treatment notes of Dr. Stewart and Dr. Anselmo, but it did not rely on their opinions. The Office of Judges found that Dr. Stewart did not consider Mr. Duffield's history of smoking. It also found that Dr. Anselmo could not accurately determine the cause of Mr. Duffield's death because his autopsy was limited to the lungs and did not consider Mr. Duffield's colon cancer. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mrs. Duffield has not demonstrated that she is entitled to dependent's benefits. She has not shown that occupational pneumoconiosis "contributed in any material degree" to her husband's death. *Bradford v. Workers' Comp. Comm'r*, 185 W.Va. 434, 442, 408 S.E.2d 13, 21 (1991). The evidence in the record shows that Mr. Duffield's death was caused by colon cancer that had metastasized to his liver and lungs. Although Mr. Duffield had occupational pneumoconiosis, the Occupational Pneumoconiosis Board determined that it did not cause his death. The Office of Judges properly accorded this medical determination "considerable deference" in reaching its own conclusion. *Fenton Art Glass Co. v. W. Va. Office of Ins. Comm'r*, 222 W. Va. 420, 431, 664 S.E.2d 761, 772 (2008). The Occupational Pneumoconiosis Board's opinion was supported by the evidence in the record, including the reports of Dr. Oesterling and Dr. Zaldivar. Mrs. Duffield has not presented sufficiently credible evidence to justify her request for dependent's benefits.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 10, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3